UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL DENSMORE,

    Plaintiff,

v.

STARK COUNTY SHERIFF JACK ROSA,
and CHARLES LEONHARDT, Individually and
in his capacity as Deputy of the Starke County
Sheriff's Department,

    Defendants.

CAUSE NO. 3:22-CV-987 DRL-MGG

OPINION AND ORDER

On June 8, 2023, Michael Densmore sued Stark County Sheriff Jack Rosa and Deputy Charles Leonhardt, claiming they violated his First and Fourth Amendment rights and falsely arrested him. Sherriff Rosa and Deputy Leonhardt now move to dismiss count three in full and count four in part under Federal Rule of Civil Procedure 12(b)(6). The court grants the partial motion to dismiss.

BACKGROUND

These facts emerge from the second amended complaint, taking the well-pleaded allegations and reasonable inferences in Mr. Densmore's favor. On June 17, 2022, Deputy Leonhardt conducted a traffic stop near Mr. Densmore's residence at the corner of Cleveland Street and Lake Street in Knox, Indiana [23 ¶¶ 6, 9-10]. Mr. Densmore openly videotaped, commented on, and questioned Deputy Leonhardt regarding the traffic stop from his front yard [*id.* ¶ 10]. Deputy Leonhardt subsequently arrested Mr. Densmore for this conduct and allegedly made a verbal threat [*id.* ¶ 11].

Mr. Densmore argues that Deputy Leonhardt did not have probable cause to arrest him for resisting law enforcement or disorderly conduct, the charges of the arrest [*id.* ¶¶ 11, 13]. On November 16, 2022, the Starke County Prosecutor moved to dismiss these charges, which were then dismissed by

the Knox City Court [*id.* ¶¶ 14, 15]. Mr. Densmore alleges this arrest was pursuant to an unconstitutional policy, custom, or act of a decisionmaker with final policymaking authority [*id.* ¶ 12].

The complaint against Deputy Leonhardt and Sheriff Rosa includes four counts, but this motion concerns only two counts: a *Monell* claim in count three, *see Monell v. N.Y. City Dept. of Soc. Servs.*, 436 U.S. 658 (1978), and a hodgepodge of state law claims in count four. In response, Mr. Densmore contests count three's dismissal, but not the pertinent portion of count four.

## STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations," *id.*, but "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to [a] presumption of truth," *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011). A claim must be plausible, not probable. *Indep. Tr. Corp. v. Steward Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley*, 671 F.3d at 616 (quotation and citation omitted).

## DISCUSSION

A. *Count Three.*

Mr. Densmore claims that Deputy Leonhardt violated his First and Fourth Amendment rights by arresting him while he was only recording the officer's traffic stop, pursuant to a policy or custom of Sherriff Rosa's office. Mr. Densmore fails to state a plausible claim here.

Under 42 U.S.C. § 1983, a person may sue anyone who, while acting under color of state law, causes him or her to be deprived of any of his or her constitutional rights. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). A municipality can only be held liable under § 1983 if "execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694. The law recognizes three paths to municipal liability for the deprivation of a person's constitutional rights: (1) an express policy, (2) a widespread custom, or (3) a deliberate act of a decisionmaker with final policymaking authority. *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005).

To succeed on a § 1983 claim in this vein, a plaintiff must establish that (1) he suffered a deprivation of a federal right (2) as a result of an express policy, a widespread custom, or a deliberate act of a decisionmaker with final policymaking authority for the county that (3) was the proximate cause of his injury. *See King v. Kramer*, 763 F.3d 635, 649 (7th Cir. 2014). "The 'official policy' requirement for liability under § 1983 is to 'distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *Estate of Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)) (emphasis omitted). "To prove an official policy, custom, or practice within the meaning of *Monell*, [a plaintiff] must show more than the deficiencies specific to his own experience, of course." *Daniel v. Cook Cnty.*, 833 F.3d 728, 734 (7th Cir. 2016).

Here, Mr. Densmore's complaint only addresses the necessary path to municipal liability three times:

> Defendant Leonhardt's conduct in arresting Plaintiff was pursuant to Starke County Sheriff's Department policy, custom and/or procedure that allowed for the arrest of Plaintiff in violation of his First and Fourth Amendment rights which Defendants were deliberately indifferent to a known risk of said policy, custom and/or procedure leading to constitutional violations and the policy, custom and/or procedure was the "moving force" behind Plaintiff's constitutional injury [23 ¶ 12]. . . .

3

> Defendant Rosa had final policy making authority and failed to train his officers and/or had a policy, custom and/or procedure in place that condoned constitutional violations as it relates to the protection guaranteed by the First, Fifth and Fourteenth Amendments to the United State[s] Constitution [23 ¶ 66]. . . .
>
> Plaintiff further asserts that his constitutional deprivation at the hands of the Defendants was caused by (1) the enforcement of an express policy of the Stark County Sheriff's Department and/or (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law in allowing Stark County Sheriff Deputies to arrest persons in violation of their First, Fourth and Fourteen[th] Amendments protections guaranteed to the citizens of the United States. [23 ¶ 68].

Mr. Densmore's complaint merely restates the three paths to municipal liability as outlined in *Calhoun* in conclusory fashion. He alleges no factual matter to permit a reasonable and plausible inference of municipal liability. *See Ashcroft*, 556 U.S. at 678; *Reynolds*, 623 F.3d at 1146. He never specifies what policy or custom of the department caused this injury. He offers no facts that would suggest that any policy is widespread, either by scope or frequency. *See Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008); *Daniel*, 833 F.3d at 734. The continued use of "and/or" within the second amended complaint regarding the paths to municipal liability further suggests that its statements are mere conclusions without factual matter to substantiate them. *See McCauley*, 671 F.3d at 616.

In response, Mr. Densmore argues that inadequate training on constitutional rights led to the violation of his rights. He contends that the inadequacy of police training may serve as the basis for § 1983 liability when the failure to train amounts to deliberate indifference to the rights of persons. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). The only appearance of an inadequate training allegation in this pleading is under the heading "Indiana State Law Claims," asserting that "Defendant Rosa negligently retained, hired, supervised and/or trained Defendant Leonhardt" [23 ¶ 72]. But this is merely a restatement of a claim grounded in negligence and is not enough to survive a motion to dismiss. *Ashcroft*, 556 U.S. at 678. This pleading offers no facts that would make this conclusion plausible in a constitutional sense. "[A]dequately trained officers occasionally make mistakes; the fact that they do says little about the training program." *Harris*, 489 U.S. at 391. Without a sufficiently pleaded factual basis for

4

inadequate training, there is no need to determine whether training on the matter was necessary or if that failure to train led the deputies to be "deliberate[ly] indifferen[t]" towards the rights of persons whom they encountered. *Id.* at 388. The court dismisses count three.

B. *Count Four.*

Mr. Densmore claims that Deputy Leonhardt and Sherriff Rosa were negligent, intentionally inflicted emotional distress, and falsely imprisoned him. Additionally, he claims that Sherriff Rosa was negligent in his retention, hiring, supervision, and training. Mr. Densmore does not oppose dismissal of his claims for negligence, negligent retention, hiring, supervision, and training, or intentional infliction of emotional distress against either Sheriff Rosa or Deputy Leonhardt. These claims are dismissed but claims for false arrest or imprisonment survive this motion.

The parties agree that, under today's circumstances, the Indiana Tort Claims Act (ITCA) provides immunity for intentional infliction of emotional distress and negligence, including negligent retention and training. *See* Ind. Code §§ 34-13-3-3(6), (7), 34-13-3-5; *see, e.g., Reiner v. Dandurand*, 33 F. Supp.3d 1018, 1032 (N.D. Ind. 2014) (intentional infliction of emotional distress barred); *Smith v. Ciesielski*, 975 F. Supp.2d 930, 942-43 (S.D. Ind. 2013) (negligent retention, hiring, supervision, and training barred by discretionary function immunity). Only the claims for false arrest and false imprisonment are specifically exempted from qualified immunity in Indiana. *See* Ind. Code § 34-13-3-3(8).

## CONCLUSION

Accordingly, the court GRANTS the partial motion to dismiss [28] and DISMISSES count three in its entirety and count four in pertinent part.

SO ORDERED.

October 6, 2023                                                              *s/ Damon R. Leichty*
                                                                              Judge, United States District Court